UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS BINDMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MH SUB I, LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02614-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND DENYING DEFENDANT'S MOTION TO STAY AS MOOT**<br><br>Re: Dkt. No. 48 |

Currently before the Court is defendant's motion to transfer venue to the Central District of California, or alternatively stay the action pending appeal. Dkt. No. 48. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the March 6, 2020 hearing. Having considered the papers submitted and for good cause shown, the Court GRANTS defendant's motion to transfer and DENIES defendant's motion to stay as MOOT.[1]

**BACKGROUND**

This Court's January 22, 2020 Order denying plaintiff's motion to compel arbitration recites the factual and procedural background of this case in detail. Dkt. No. 40. Below are the facts relevant to the instant motion.

Plaintiff Boris Bindman is a California resident. Dkt. No. 1 ¶ 4 (Complaint). Defendant[2] MH Sub I, LLC d/b/a Internet Brands ("Martindale"), is a Delaware limited liability company with its principal place of business in California. Dkt. No. 9 ¶ 5 (Answer). Plaintiff signed up for

---

[1] Defendant moved to stay pending appeal only in the event the Court denied its motion to transfer. Dkt. No. 48 at 8 (Motion); Dkt. No. 50 at 14 (Reply). Because the Court GRANTS defendant's motion to transfer, the motion to stay is DENIED as MOOT.

[2] The parties informed the Court that defendant Internet Brands, Inc. is no longer a separate legal entity. Dkt. No. 27 at 3 n.2 (Joint Case Management Statement).

defendant's Martindale-Nolo Lead Generation Program ("Program"). *Id*. ¶ 7.

Before plaintiff signed up for the Program, defendant sent plaintiff an advertising proposal. Dkt. No. 29-1 at 29[3] (Stack Decl., Ex. D – "Advertising Proposal"). Before accepting the proposal, plaintiff ticked a box stating, "I have read and accept the General Terms and Conditions for this contract." *Id*.; *see also* Dkt. No. 34-2 ¶ 6 (Bindman Decl.). The General Terms and Conditions state:

> Both parties agree that this Agreement, as well as any and all claims arising from this Agreement will be governed by and construed in accordance with the laws of the State of California, without reference to its conflicts of law rules, and the parties irrevocably submit to the exclusive jurisdiction and venue of the courts of Los Angeles County, California and the Central District Court of California, respectively.

Dkt. No. 34-2 at 10 (Bindman Declaration, Ex. 1 – "General Terms and Conditions"). According to defendant's records, plaintiff accepted the contract on August 30, 2018. Dkt. No. 29-1 at 36 (Stack Decl., Ex. F – "Legal Advertising Proposal" dated August 30, 2018); *see also* Dkt. No. 1 ¶ 41 (Complaint) (alleging plaintiff and defendant formed a written contract). Plaintiff used the lead generation services from August 30, 2018 until his cancellation in early May 2019. *Id*.

Plaintiff filed suit on May 14, 2019. Dkt. No. 1 (Complaint). The complaint alleges breach of contract; breach of the covenant of good faith and fair dealing; unjust enrichment/quasi contract; unfair and deceptive practices claims under California Business Code section 17200; and violations of the California Consumers Legal Remedies Act. *Id*. ¶¶ 40-76. On December 17, 2019, the Court denied defendant's motion to compel arbitration. Dkt. No. 40 (Order Denying Motion to Compel Arbitration). Defendant has timely appealed the denial. Dkt. No. 45 (Notice of Appeal). On January 29, 2020, defendant filed the instant motion seeking transfer of the action pursuant to the forum selection clause, or alternatively, a stay pending appeal. Dkt. No. 48 (Motion to Transfer or Stay).

**LEGAL STANDARD**

In diversity cases, "federal law governs the analysis of the effect and scope of forum selection clauses." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000); *see also Yei*

---

[3] For ease of reference, all page citations refer to the ECF branded number in the upper right corner of documents.

*A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of non conveniens." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). Forum selection clauses are presumptively valid, "and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Murphy v. Schneider National Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003). A "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 571 U.S. at 63 (citation omitted). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140 (quoting *Bremen*, 407 U.S. at 15).

A forum selection clause is unenforceable if "enforcement would be 'unreasonable' under the circumstances." *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005) (citation omitted). "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court,' or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal citations omitted).

**DISCUSSION**

Defendant argues plaintiff agreed to a forum selection clause, and in so doing, "irrevocably submit[ed] to the exclusive jurisdiction and venue of the courts of Los Angeles County, California and the Central District Court of California, respectively." Dkt. No. 48 at 10 (Motion) (quoting the General Terms and Conditions) (emphasis omitted). Contrary to this provision, plaintiff filed suit in the Northern District of California. Citing *Atlantic Marine*, defendant argues plaintiff's choice of forum is entitled no weight, and the case must be transferred to the Central District of California under 28 U.S.C. § 1404(a). Dkt. No. 48 at 13 (Motion).

3

Plaintiff counters that defendant, by its actions, acceded to venue in this District. Dkt. No. 49 at 10 (Opposition). In so arguing, plaintiff notes that defendant (1) admitted venue was "proper in this Court" in its answer, (2) asserted in the case management statement that litigation, if not arbitrable, should proceed in this forum, (3) sought for this Court to maintain the ability to monitor the arbitration, if necessary, and (4) filed for dispositive relief in this forum. *Id.* Citing a Western District of Washington case, plaintiff contends defendant waived its right to enforce the forum selection clause. Dkt. No. 49 (Opposition at 12-17) (citing *Powell v. United Rentals (N. Am.), Inc.,* No. C17-1573JLR, 2019 WL 1489149 (W.D. Wash. Apr. 3, 2019)) (emphasis omitted).

Plaintiff's waiver argument is unpersuasive. Indeed, the case plaintiff cites in support, also found no waiver. *Powell*, 2019 WL 1489149 at *5-6. There, the court found "[w]aiver of a forum selection clause 'will only be found where there is clear, decisive, and unequivocal conduct manifesting such an intent.'" *Id.* at 5 (citations omitted). For example, waiver has been found "where the party sues to enforce a contract in an unauthorized forum" or where a party "sit[s] on its forum selection rights ... until such time as things go unfavorably." *Id.* (quoting *Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001) and *E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1162-63 (E.D. Cal. 2005)).

Here, defendant has neither filed suit in an authorized forum, nor sat on its rights. While the Court agrees with plaintiff that defendant should have sought to enforce the forum selection clause prior to or concurrent with its motion to compel arbitration, defendant's poor timing fails to manifest a clear intent to waive enforcement entirely.

Plaintiff also contends enforcing the forum selection clause would contravene the Northern District's public policy against forum shopping.[4] Dkt. No. 49 at 16-17 (Opposition) (citing *Beverly v. Network Sols., Inc.,* No. C-98-0337-VRW, 1998 WL 917526 at *11-12 (N.D. Cal. Dec. 30, 1998)) (denying plaintiff's motion to transfer due to forum shopping because plaintiff initiated the action in the Northern District) and *Burlington Ins. Co. v. S. Huh Inc.,* No. CV 11-2239 PSG, 2011 WL

---

[4] Plaintiff does not argue that the inclusion of the forum selection clause "was the product of fraud or overreaching" or that he "would effectively be deprived of his day in court were the clause enforced." *Bremen*, 407 U.S. at 12-13. Thus, the Court does not consider these factors.

1 4022190 at *3 (N.D. Cal. Sept. 9, 2011) (noting that courts should discourage litigants from forum shopping in a general sense)). Defendant argues plaintiff fails to meet the heavy burden to show enforcement of the forum selection clause here would be unreasonable or unjust. Dkt. No. 50 at 13-14 (Reply). The Court agrees.

Because transfer is within California, to the Central District, it is not unreasonable. Nor does plaintiff cite evidence supporting enforcement as unjust. Here, the Central District of California is a viable forum for plaintiff's breach of contract and alleged violations of the California Business Code and Consumers Legal Remedies Act. Dkt. No. 1 (Complaint). Because the case is in its early stages, enforcement of the forum selection clause is not unjust. The Court thus concludes enforcing the forum selection clause does not contravene a strong California public policy.

While plaintiff's arguments about forum shopping and waiver are not insubstantial, the Court finds plaintiff fails to show that enforcement of the forum selection clause would be unreasonable or unjust. As such, the Court concludes the forum selection clause enforceable and GRANTS defendant's motion to transfer to the Central District Court of California.

## CONCLUSION

The Court finds the forum selection clause included in the Terms and Conditions valid and enforceable, and therefore GRANTS defendant's motion to transfer to the Central District of California. As such, the Court DENIES defendant's motion to stay as MOOT.

**IT IS SO ORDERED**.

Dated: February 28, 2020

SUSAN ILLSTON
United States District Judge